UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                  No. 1:21-CR-40

     v.                                 Hon. Robert J. Jonker
                                             Chief U.S. District Judge

CHRISTOPHER ALLAN BODEN,
a/k/a "Captain,"
LEESA BETH VOGT, a/k/a "Lis Bokt,"
a/k/a "Moose," and
DANIEL REYNOLD DEJAGER,
a/k/a "Daniel Reynold," a/k/a "Daniel Miester,"
a/k/a "Danichi,"

        Defendants.
_____/

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on October 18, 2021, Defendant Christopher Allan Boden pleaded guilty to Counts 2, 16 and 21 of the Indictment pursuant to a plea agreement with the government. Count 2 charged Boden with operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. Count 16 charged Boden with money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). Count 21 charged Boden with structuring, in violation of 31 U.S.C. § 5324(a)(3), (d);

WHEREAS, on October 6, 2021, Defendant Leesa Beth Vogt pleaded guilty to Count 19 of the Indictment, pursuant to a plea agreement with the government. Count 19 charged Vogt with structuring, in violation of 31 U.S.C. § 5324(a)(3), (d);

WHEREAS, on October 7, 2021, Defendant Daniel Reynold Dejager pleaded

guilty to Counts 1 and 4 of the Indictment, pursuant to a plea agreement with the government. Count 1 charged Dejager with conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371 and 1960. Count 4 charged Dejager with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i) and 2;

WHEREAS, pursuant to the guilty pleas and plea agreements, Defendants have consented to the forfeiture of their interest in the following property, listed within the Forfeiture Allegations of the Indictment: All virtual currency accessible from wallets associated with two Trezor devices seized from the Geek Group on December 21, 2018, comprising at least 0.365 BTC (hereinafter the "Subject Property");[1]

WHEREAS, based on the guilty pleas and plea agreements, this Court finds that the Subject Property constitutes or was derived from proceeds traceable to violations of 18 U.S.C. §§ 371, 1960, 1956 and 31 U.S.C. § 5324; and

WHEREAS, this Court finds that the Defendants had an interest in the Subject Property, and that the Government has established the requisite nexus between the same and the violations of 18 U.S.C. §§ 371, 1960, 1956 and 31 U.S.C. § 5324.

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317, the Subject Property is hereby

---

[1] The Indictment additionally listed 1.33 BTC in the forfeiture allegation. The investigating agency has completed administrative forfeiture of this asset, and therefore, it will not be addressed through judicial forfeiture in the instant order.

forfeited to the United States of America.

IT IS FURTHER ORDERED that the United States Department of Homeland Security - Immigration and Customs Enforcement and/or its designee seize the Subject Property and dispose of the same in accordance with applicable law and regulations.

IT IS FURTHER ORDERED that notice of this forfeiture shall be published in accordance with 21 U.S.C. § 853(n)(1).

IT IS FURTHER ORDERED that any third party wishing to assert an interest in the Subject Property must petition the Court in accordance with 21 U.S.C. § 853(n)(2) and (3).

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order of Forfeiture shall become final as to the Defendants at the time of sentencing, and shall be made part of the sentence and included in the judgments.

Dated:_____                    _____
                                         ROBERT J. JONKER
                                         Chief United States District Judge

3