UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                     No. 1:21-CR-40-03

     vs.                            Hon. Robert J. Jonker
                                      Chief U.S. District Judge

DANIEL REYNOLD DEJAGER, a/k/a
"Daniel Reynold," a/k/a "Daniel Miester,"
a/k/a Danichi,"

        Defendant.
_____/

**MOTION FOR ORDER OF FORFEITURE FOR A MONEY JUDGMENT**

      Plaintiff United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment in the amount of $25,000. In support of its motion, the government states as follows:

      1.     On February 24, 2021, an Indictment was returned charging Defendant, Daniel Reynold Dejager with *inter alia*, Count 1: conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371 and 1960; and Count 4: money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i) and 2. The Indictment included forfeiture allegations, which put the Defendant on notice regarding the government's intention to seek a money judgment for the amount of

1

proceeds traceable directly or indirectly to the offense charged in the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1), 982(a)(1), and 28 U.S.C. § 2461(c). The United States also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On October 7, 2021, Defendant entered a plea of guilty to Counts 1 and 4 of the Indictment pursuant to a plea agreement with the government, and consented to the entry of a forfeiture order for a money judgment in the amount of $25,000, which constitutes the proceeds of his illegal activity as alleged in the forfeiture allegations of the Indictment. The Defendant admitted that he personally obtained $25,000 in proceeds. Moreover, Defendant further admitted that due to his acts or omissions, the proceeds are not currently available to the Government for forfeiture, and that the Government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) has been met. As a result, the Court should permit the Government to seek the forfeiture of substitute assets up to the amount of $25,000. The United States has attached a proposed order.

3. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Darji,* 609 Fed. App'x 320, (6th

Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the forfeiture analysis"); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with "substitute assets."

WHEREFORE, by virtue of the pleas of guilty pursuant to a plea agreement with the government, which have been accepted by this Court, the United States moves the Court to issue an order authorizing the United States to forfeit up to $25,000 in substitute assets from the Defendant and to retain jurisdiction over this matter for the purpose of amending the Order of Forfeiture to include any subsequently located substitute assets.

                                Respectfully submitted,

                                ANDREW BYERLY BIRGE
                                United States Attorney

Dated: December 7, 2021          */s/   Daniel T. McGraw*
                                DANIEL T. McGRAW
                                Assistant United States Attorney
                                P.O. Box 208
                                Grand Rapids, MI 49501-0208
                                (616) 456-2404