UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,    Case No. 1:21-cr-00040

v.

            Hon. Robert J. Jonker
CHRISTOPHER ALLAN BODEN,    Chief United States District Court Judge

        Defendant.    **EXPEDITED CONSIDERATION**
_____/   **REQUESTED**


## DEFENDANT CHRISTPOPHER BODEN'S UNOPPOSED MOTION FOR MODIFICATION OF BOND CONDITION, AND SUPPORTING BRIEF

    Defendant Christopher Boden is scheduled to be sentenced later this week, on Friday, February 25, 2020.  He has asked to attend the sentencing hearings earlier this week of his two co-defendants, including his friend, Daniel Dejager's, whose sentencing hearing is scheduled for today, Tuesday, February 22, 2022 at 3 PM.  Mr. Boden's and Mr. Dejager's current "no contact" provision, which was modified by this Court on October 18, 2021 (Dkt. # 63, PageID.219) clearly permitted the two co-defendants to have contact with one another to discuss financial transactions involving the preparation of and response to information in their respective Presentence Investigation Reports.  Mr. Boden wants to support his out-of-state friend, Mr. Dejager, who may not have many supporters present at his sentencing hearing, and to apologize to Mr. Dejager, face-to-face, after Mr. Dejager's sentencing hearing, assuming Mr. Dejager's bond is continued following the sentencing hearing.  Mr. Boden respectfully requests that this Court enter the attached Order further modifying the "no contact" bond provision applicable to both Mr. Boden and Mr. Dejager, to allow for Mr. Boden's attendance at Mr. Dejager's

sentencing later today. If granted, undersigned counsel will accompany Mr. Boden to ensure strict compliance.

Pursuant to Local Criminal Rule 12.4, undersigned counsel for Mr. Boden sought and obtained concurrence with this proposed bond modification from Attorney Brett Purtzer, Counsel for Mr. Dejager, and from Mr. Dejager himself. Moreover, U.S. Probation Officer Amber Gonzalez and AUSA Justin Presant have no objection. However, since Mr. Dejager's sentencing is later today, we request expedited consideration of this request, pursuant to Local Criminal Rule 12.5.

**Supporting Brief**

Title 18, United States Code, Section 3141(b) and 3143 gives a "judicial officer" authority to make determinations regarding bail for a defendant pending sentencing. When Mr. Boden and his co-defendants were initially placed on conditions of release, paragraph 16 of the bond order prohibited contact, directly or indirectly, with co-defendant Dejager and Jeremy Swink. (Dkt. #13, PageID.53.) After Mr. Boden's guilty plea, undersigned counsel made an oral motion to modify the "no contact" provisions for Messrs. Boden and Dejager for the purpose of discussing various financial transactions that we anticipated would be reported in each defendant's Presentence Investigative Reports ("PSR"). By Order entered on October 20, 2021, this Court modified the "no contact" provisions for both Mr. Boden and Mr. Dejager for the limited purpose of discussions related to the PSR, but keeping in place the no contact provisions as to others listed in paragraph 16 of their respective bond orders. (*Id.*)

Mr. Boden simply wants to attend Mr. Dejager's sentencing hearing with undersigned counsel, to support his friend who lives in Oregon and who may not have many family or supporters present today, and to apologize to Mr. Dejager for getting him involved in this case.

Both Mr. Dejager and his counsel support this request, and neither the prosecution nor the U.S. Probation Office are opposed to the requested modification of the Court's October 20, 2021 Bond Modification Order.  For the Court's convenience, a proposed Order is attached.

Respectfully submitted,

Dated: February 22, 2022  */s/ Brian Patrick Lennon*
Brian P. Lennon (P47361)
Paul Beach  (P82036)
Warner Norcross + Judd LLP
150 Ottawa Ave., NW, Ste. 1500
Grand Rapids, MI 49503
(616) 752-2000
blennon@wnj.com
pbeach@wnj.com